NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC JAMES BAGNALL, individually, and as Administrator of the Estate of Camren McKay Bagnall,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CALIFORNIA STATE UNIVERSITY MARITIME ACADEMY; VINEETA DHILLON; LILLIAN GREGG; BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>    Defendants - Appellees. | No. 25-248<br><br>D.C. No.<br>2:23-cv-01606-KJM-CKD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 9, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.
Dissent by Judge BUMATAY.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eric Bagnall appeals the district court's denial of leave to file a fourth amended complaint amending his Title IX claim against California State University Maritime (CSU Maritime) and the CSU Board of Trustees (collectively "Defendants") on behalf of his son Camren Bagnell. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of leave to amend for an abuse of discretion but review de novo the legal determination that amendment would be futile. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016). We affirm.

Although leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), several factors weigh against granting leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

1.  The district court did not abuse its discretion in determining, after providing Bagnall with a hearing and an opportunity for supplemental briefing, that a fourth amended complaint would cause prejudice and undue delay. The district court had already granted Bagnall three opportunities to amend and determined that granting further leave would unduly delay case proceedings

2                                                                                    25-248

without an explanation for why the claims could not previously be asserted. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended.") (internal quotation marks and citation omitted). And the only new allegations Bagnall proposes would come from reports published on July 17, 2023, before he filed his second amended complaint.

Prejudice to the opposing party is the most significant factor. *Eminence Capital*, 316 F.3d at 1052. The district court also found that granting leave again would likely prejudice defendants because Bagnall's proposed fourth amendment added six new federal claims that would likely alter the nature of litigation and require a new defense strategy. Its denial of leave to amend based on these factors did not apply the wrong legal rule, nor was it "illogical, implausible, or without support in the record." *Tarsadia Hotel*, 726 F.3d at 1129 (internal quotation marks and citation omitted).

2.      Moreover, further amendment would be futile. Amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotation marks and citation omitted). To state a Title IX claim, a plaintiff must allege both "background indicia of sex discrimination" and "facts particular to [the plaintiff's] case." *Schwake v. Ariz. Bd.*

*of Regents*, 967 F.3d 940, 949 (9th Cir. 2020) (internal quotation marks and citation omitted). In dismissing the Second Amended Complaint, the district court provided detailed instructions to Bagnall on how to cure the deficiencies in his Title IX claim. Bagnall could not cure those deficiencies in his proposed fourth amended complaint because the new allegations rely exclusively on the addition of two reports describing systemic delays in Title IX investigations at CSU Maritime and across the CSU system. The reports contain only generalized assessments about Title IX procedures and do not indicate any background indicia of sex discrimination against men or refer to the facts of Bagnall's son's case. The district court "previously explained plaintiff failed to plead an atmosphere of bias against his son or evidence of a one-sided investigation," and Bagnall does not contest this. So even if the new reports could establish relevant background indicia of sex discrimination, as the dissent would hold, they still could not satisfy *Schwake*, 967 F.3d at 949, as the reports do not show facts particular to this case. Because Bagnall identifies nothing in the reports that would support both the background-indicia and particular-facts elements of a Title IX claim, amendment would also be futile.

Accordingly, the district court did not abuse its discretion in denying leave to amend.

**AFFIRMED.**



25-248 *Bagnall v. California State University Maritime Academy, et al.*
Bumatay, J., dissenting

Requests for leave to amend is one of the easiest standards to meet in the law. It's supposed to granted with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (simplified). Absent bad faith and other similar factors, it should be "freely given." *Id.* (simplified). The district court kicked Eric Bagnall out of federal court based on futility. But amendment is only futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997). Here, the district court completely dismissed Bagnall's new factual allegations that are certainly relevant to alleging a Title IX sex discrimination claim. While I am not sure whether Bagnall's allegations will amount to a viable Title IX claim, he should've been given the opportunity to plead it.

Eric Bagnall alleges that his son, Camren Bagnall, a first-year cadet at California State University Maritime Academy, was falsely accused of sexual misconduct by another student in September 2020 and subsequently subjected to a biased and procedurally unfair Title IX investigation. According to the complaint, Camren provided extensive exculpatory evidence, including friendly contemporaneous text messages with the Title IX Complainant, witness statements disputing key aspects of her account, and a Cal Maritime campus police report finding no substantiation of the allegations. But the Cal Maritime Title IX

1

Coordinator, Vineeta Dhillon, allegedly ignored these materials, prejudged him as guilty based on his sex, and prolonged the investigation without justification. Bagnall further alleges that Dhillon and Cal Maritime knew of but failed to intervene as Camren became the target of severe peer harassment tied to the accusation, with classmates calling him "The First Floor Rapist" and telling him "You should be behind bars." The complaint asserts that Cal Maritime's inadequate Title IX infrastructure contributed to these failures by allowing investigations to languish, by failing to protect accused students from sex-based harassment, and by fostering an environment of pervasive distrust and discrimination on campus. Tragically, Bagnall contends that all this caused his son to commit suicide. The district court dismissed Bagnall's Title IX claim chiefly because he failed to allege "indicia of sex discrimination" or a biased or one-sided investigation.

Bagnall now proffers newly discovered evidence that could move the needle on his Title IX claim. The new evidence is California State University's own systemwide assessment of its programs to prevent sex discrimination. The reports are bleak. Commissioned after several negative, "high-profile incidents," within the California State University system, these reports document structural deficiencies across California State's Title IX infrastructure. For example, they note systemwide delays and failures in Title IX responsiveness; an inability to track or identify patterns of misconduct; widespread distrust in the system; and prevalent bullying.

2

At Cal Maritime's campus specifically, the reports criticize the absence of an on-campus Title IX office, significant community concern about pervasive discrimination and harassment, and a documented "trust gap."

More importantly, the reports acknowledge the significant external pressures that the California State University system faced that drove our decision in *Schwake v. Arizona Bd. of Regents*, 967 F.3d 940 (9th Cir. 2020). In *Schwake*, we noted specifically a 2011 Department of Education letter that pressured colleges was "relevant" to establishing a "background indicia of sex discrimination." *Id.* at 948. The California State reports similarly discuss the difficulties of implementing "myriad and shifting government regulations," which bring "potential harm … to students, faculty and staff—both complainants and respondents[.]" The reports observe that these legal shifts have "reinforc[ed] the perception of institutional bias." They further recommend institutional reforms to "reinforce[] the neutrality and impartiality of the investigator's role and diminish[] potential concerns about conflict of interest or bias." And the reports recommend additional training requirements to ensure that staff understand "how to serve impartially, including by avoiding prejudgment of the facts at issue, conflicts of interest, and bias."

These facts could potentially lead to the inference that Cal Maritime's institution's procedures functioned in a manner that systemically disadvantaged accused male students, as Bagnall alleges. Indeed, they potentially corroborate his

3

view that Cal Maritime staff prejudged the facts and were biased. After all, why recommend training on how to serve impartially and without prejudgment if staff have already been doing that? And more specifically with respect to Cal Maritime's climate, the reports describe a campus where bullying was "prevalent," discrimination was perceived as pervasive, and trust in Title IX processes was low—precisely the environment that, Bagnall alleges, allowed a gender-charged rumor mill to flourish unchecked. This is coupled with the specific allegations of a one-sided disciplinary response, in which staff allegedly ignored exculpatory evidence, discounted inconsistencies in the complainant's account, and failed to intervene in openly gendered peer harassment. And an allegation that the Title IX investigator held publicly expressed views suggesting a predisposition in favor of complainants and against male respondents.

Under *Schwake*, a plaintiff need not produce statistical proof or comparator cases at the pleading stage. It is enough to allege facts that, taken together, allow a reasonable inference of sex discrimination. 967 F.3d at 947–48. We have repeatedly emphasized that Title IX complaints must be read as a whole, and that allegations of procedural irregularities, external pressures, and background patterns may collectively satisfy the plausibility standard. *Id.*; *see also Doe v. Regents of Univ. of Cal.*, 23 F.4th 930, 936 (9th Cir. 2022) (finding sufficient allegations of external

4

pressure to take a harder line in sexual misconduct cases and allegations that male respondents were systematically deprived of fair process.).

The allegations here, taken together as true, could potentially support a plausible claim that sex bias infected Camren Bagnall's investigation. Whether that inference is ultimately borne out is a question for Rule 12(b)(6), not Rule 15(a) futility. The majority seemingly acknowledges that the reports change the calculus on the "indicia of sex discrimination" but relies on the district court's previous ruling on the lack of evidence of "bias" or a "one-sided investigation." But the district court never analyzed the evidence all together, which was required by *Schwake*. So it would be improper to rely solely on that former ruling.

The majority also relies on the district court's finding of "prejudice." The district court found prejudice simply because Bagnall added six new federal claims, which would "likely alter the nature of the litigation and require a new defense strategy." That kind of "prejudice" would seem to preclude any amendment of the complaint that adds new claims. But even if so, the district court could have granted leave for Bagnall to amend only his existing claims. After all, the new reports go to the heart of his Title IX claim.

I respectfully dissent.